against appellant, and, applying the usual tests, we are not convinced of error in the findings under review.

The order complained of is affirmed; appellant to pay the costs of this appeal.

---

## Mitchell, Appellant, *v.* Public Service Commission et al.

*Public service corporations—Telegraph companies—Telephone companies—Corporations—Purchase of franchises—Acts of July 22, 1919, P. L. 1123, and May 20, 1921, P. L. 949.*

1. A corporation originally organized as a telegraph company under the General Corporation Act, but which has surrendered its telegraph powers under the Act of April 9, 1856, P. L. 293, and accepted the provisions of the Telephone Act of July 22, 1919, P. L. 1123, is not a telegraph company, within the meaning of the Constitution, article XVI, section 12, and such a company may under the Act of May 20, 1921, P. L. 949, and with the approval of the Public Service Commission, sell its property and franchises to another company organized under the Act of 1874, and engaged in the telegraph and telephone business, but which has not accepted the provisions of the Act of July 22, 1919, P. L. 1123.

2. In such case the second company has a right to purchase the property and franchises of the first company, and it is immaterial that the telegraph lines and systems of the two companies compete with each other in the territory in which the selling company operates; the purchasing company cannot use such lines and system for telegraph purposes.

Argued January 30, 1923. Appeals, Nos. 46 and 47, from judgment of Superior Court, April T., 1923, No. 35, affirming order of Public Service Commission at No. 5289, 1922, Application Docket, in cases of James E. Mitchell, Intervenor, v. Public Service Commission of the Commonwealth of Pennsylvania and the Bell Telephone Company of Pennsylvania; Pittsburgh & Allegheny Telephone Company, and Maryland Trust Co., Trustee, intervening petitioner. Before MOSCHZISKER,

C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Appeals from Superior Court.

KELLER, J., filed the following opinion:

The Constitution of this State provides (article XVI, section 12) : "No telegraph company shall consolidate with, or hold a controlling interest in, the stock or bonds of any other telegraph company owning a competing line, or acquire, by purchase or otherwise, any other competing line of telegraph."

It was decided in the case of Cochranton Telephone Company v. P. S. C., 263 Pa. 506 (affirming 70 Pa. Superior Ct. 212), that a corporation chartered as a telegraph company but doing only a telephone business could not purchase the lines or stock and franchises of a competing corporation likewise chartered as a telegraph company but doing only a telephone business.  The decision rested on the ground that under the then subsisting statutes of Pennsylvania, a telephone company, being nothing more or less than a telegraph company, was perforce subject to the constitutional provisions affecting telegraph companies.  At that time our statutes did not provide for the incorporation of telephone companies as such.  They were organized and existed only as telegraph companies, but operated under such charter as telephone companies by reason of the likeness existing between certain parts of the physical apparatus common to both systems of communication.  And the legislature by various acts recognized the legality of such procedure.  But they were none the less telegraph companies, though operating only telephone lines.

The legislature of 1919, however, made a new departure.  It passed an act for the incorporation of telephone companies and made provision for the acceptance of its provisions by corporations already engaged in the furnishing of telephone service, that is, by telegraph companies actually doing a telephone business; and it was

further provided that telephone companies incorporated under said act or having become such by accepting its provisions might, with the approval of the Public Service Commission, acquire the lines or capital stock and franchises of other such telephone companies even though they competed in business.   See Act of July 22, 1919, P. L. 1123.

The constitutionality of that act was passed upon in Shaffer v. P. S. C., 268 Pa. 456, and it was held that, as corporations incorporated as telephone companies, or which had become such by accepting the provisions of the Act of 1919 and formally surrendering their powers as telegraph companies, were telephone companies and not telegraph companies, the constitutional provisions relative to telegraph companies did not apply to them, and the purchase of one such telephone company by another and competing one, both having surrendered all their chartered powers as telegraph companies, was declared valid and legal, provided the Public Service Commission formally approved the same and granted its certificate that such purchase was for the accommodation and convenience of the public.

The Act of May 20, 1921, P. L. 949, goes a step further. It in effect provides that, subject to the approval of the Public Service Commission, a telephone company, whether incorporated as such or having become such by accepting the provisions of the Act of 1919, supra, and surrendering its powers as a telegraph company, may acquire the capital stock, franchises and lines of a telegraph company incorporated prior to July 22, 1919, and engaged in the business of furnishing telephone and telegraph service, or either, but which has not accepted the provisions of the Act of 1919, aforesaid, whether or not they are competitors in business; and also the converse, that a corporation formed prior to July 22, 1919, and engaged in the business of furnishing telephone and telegraph service, or either, subject to the approval of the Public Service Commission, may acquire the capital

stock, franchises and lines of a telephone company, incorporated as such or having become such by accepting the provisions of the Act of 1919 and surrendering all its powers as a telegraph company.

This appeal questions the constitutionality of this act. The Bell Telephone Company of Pennsylvania is a telegraph company organized under the Act of 1874, prior to July 22, 1919, engaged in the business of furnishing telephone and telegraph service, which has not accepted the provisions of the Act of July 22, 1919, supra. The Pittsburgh & Allegheny Telephone Co. is a telephone company which has become such by accepting the provisions of the Act of 1919, and surrendering all its powers as a telegraph company. They are competitors in the telephone business. The Public Service Commission has approved the purchase and granted its certificate of public convenience. The Act of 1921 expressly authorizes it. Does the constitutional provision above quoted forbid it?

The Constitution does not mention telephone companies. They were not in existence when the Constitution was adopted, and are not embraced within the constitutional inhibition. As was said in Shaffer v. P. S. C., 268 Pa. 456, 458, "That of which nothing was known forty-seven years ago could not then have been in the minds of the members of the constitutional convention when they submitted their work to the people for approval; and what is not there forbidden the legislature may do." The Bell Company is not, in the present transaction, consolidating with or purchasing or securing a controlling interest in the stock or bonds of any telegraph company, nor is it acquiring by purchase or otherwise any competing line of telegraph. It is buying the stock, franchises and property of a telephone company, a subject not mentioned in, or forbidden by, the Constitution and therefore not beyond the power of the legislature to sanction or approve.

The situation must be considered just as if the Pittsburgh & Allegheny Company never had been incorporated as a telegraph company but had been chartered as a telephone company by legislative authority and always existed as such. In the absence of proof that there is no essential difference between a telegraph company and a telephone company, which is wholly lacking here—and see Shaffer v. P. S. C., 74 Pa. Superior Ct. 597, 603— there is no constitutional objection to the legislature permitting a telegraph company to buy a competing telephone line, or a telephone company to buy a competing telegraph line, any more than there is against a telephone company buying a competing telephone line. We cannot write the word, telephone, into article XVI, section 12, of the Constitution.

Appellant is concerned lest, by this procedure, one telegraph company actually engaged in the telegraph business may purchase or acquire a competing telegraph line, by having the latter accept the provisions of the Act of July 22, 1919, become a telephone company and then sell its line to its competing rival. He apparently overlooks the fact that the Act of 1919 applies only to corporations incorporated as telegraph companies but furnishing telephone service, and has no reference to telegraph companies engaged solely in the telegraph business; and that to take advantage of the act such company must first surrender all its powers as a telegraph company and may not thereafter engage in such business: Shaffer v. P. S. C., 270 Pa. 196. Furthermore, the approval of the Public Service Commission is a necessary requisite in the procedure and it may be taken for granted that no colorable scheme to evade the Constitution will be approved by it.

The appeal is dismissed and the order of the commission is affirmed at the costs of the appellant.

James E. Mitchell appealed.

*Errors assigned,* inter alia, were judgments, quoting them.

*Lee C. Beatty,* for appellant.

*Thos. Patterson,* of *Patterson, Crawford, Miller & Arensberg,* for the Bell Telephone Company of Pennsylvania.

*John O. Wicks,* of *Weller & Wicks,* for Pittsburgh & Allegheny Telephone Company.

*Hinkley, Hisky & Burger,* for Maryland Trust Co., trustee.

*Frank M. Hunter,* with him *John Fox Weiss,* for Public Service Commission.

PER CURIAM, February 12, 1923:

The judgment appealed from and the order of the Public Service Commission are affirmed on the opinion of the Superior Court.

---

# Ferris Motors Corporation, Inc., to use, Appellant, *v.* Lebegern et al.

*Bailment—Lease—Sale—Judgment—Levy.*

1. Where a bailment lease of an automobile authorizes entry of judgment against the lessees if the car is levied upon, or on breach of certain other covenants, and the lease is assigned by the lessor, the assignee cannot cause judgment to be entered under the lease, because the car was replevied in an action by the lessor's vendor based on a claim of property and right of possession, paramount to that of the lessor, and not on any act or breach of covenants by the lessee.

2. In such case, the rights of the assignee were no higher than those of the assignor.